IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR505 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| VICTOR SANCHEZ-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's oral motion for a written order subsequent to the Court's decision regarding Counts IV and V relating to criminal forfeiture pursuant to 21 U.S.C. § 853.

The Defendant was found guilty after a jury trial of Counts I (conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine), II (possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine) and III (possession of a firearm in furtherance of the drug trafficking crime charged in Count II) of the Second Superseding Indictment. (Filing No. 101.)

The Defendant was also charged with criminal forfeiture pursuant to 21 U.S.C. § 853 in Counts IV and V of the Second Superseding Indictment. Count IV regards $1,135 in United States currency seized by Omaha police officers from the Defendant's person after his arrest on or about June 4, 2003, and Count V regards $4,571 seized by Omaha police officers from the Defendant's person after his arrest on or about March 24, 2003.

The law regarding criminal forfeiture provides, in pertinent part:

Any person convicted of a violation of this subchapter . . . punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law--

> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

21 U.S.C. § 853.

Federal Rule of Criminal Procedure 32.2 sets out the procedures to be followed following trial of a case involving one or more criminal forfeiture allegations. Prior to entering a preliminary order of forfeiture, the Court must consider whether the government established the "requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1). The standard is preponderance of the evidence. *United States v. Bieri,* 21 F.3d 819, 822 (8th Cir. 1994).

Considering the evidence presented at trial, the Court finds that the amount alleged in Count IV, the $1,135 in United States currency seized by the officers from the Defendant's person after his arrest on or about June 4, 2003, is subject to forfeiture. The Court also finds that the amount alleged in Count V, the $4,571 in United States currency seized by the officers from the Defendant's person after his arrest on or about March 24, 2003, is subject to forfeiture. The Court further finds that the government has satisfied its burden of proving, by a preponderance of the evidence, the requisite nexus between: 1) the property described in Counts IV and the offenses set out in Counts I and II of the Second Superseding Indictment; and the property described in Count V and the offense set out in Count I of the Second Superseding Indictment. In reaching this decision, the Court has considered the evidence at trial.

The Court now awaits the government's motion for preliminary forfeiture pursuant to Federal Rule of Criminal Procedure 32.2.

IT IS ORDERED:

1. The Defendant's oral motion for a written order regarding the Court's decision as to the forfeiture issues discussed above is granted; and

2. The government shall prepare a motion for preliminary order of forfeiture and a proposed order.

DATED this 23rd of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge