IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:03CR505 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| VICTOR SANCHEZ-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for Leave to File a Tardy § 2255 Motion (Filing No. 156). The Court has reviewed the record and applicable law and concludes that Defendant is not entitled to such an extension. Defendant's Motion, therefore, is denied.

On October 18, 2004, a jury found Defendant guilty as to Count II of the first Superseding Indictment (charging Defendant with being an alien illegally in the United States while knowingly possessing a firearm). (Filing No. 55). On May 20, 2005, a jury found Defendant guilty as to Counts I, II and III of the second Superseding Indictment (charging Defendant with conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime). (Filing No. 101). The Court sentenced Defendant to the custody of the Bureau of Prisons for a term of 120 months on Count II of the first Superseding Indictment; 240 months on Counts I and II of the second Superseding Indictment (to run concurrent with Count II of the first Superseding Indictment); 60 months on Count III of the second Superseding Indictment (to be served consecutive to the term of imprisonment imposed on the other Counts); a supervised release term for three years on Count II of the first Superseding Indictment; ten years of supervised release on both Counts I and II of the

second Superseding Indictment; and five years of supervised release on Count III of the second Superseding Indictment (all supervised release terms are to run concurrent). (Filing No. 124).

The Eighth Circuit Court of Appeals affirmed his conviction on September 5, 2006. (Filing No. 149; *United States v. Sanchez-Garcia*, 461 F.3d 939 (8th Cir. 2006)). Defendant did not file a writ of certiorari to the United States Supreme Court.

On December 30, 2008, Defendant filed the instant Motion, requesting an extension of time to file a late § 2255 Motion. (Filing No. 156). "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) impose[s], among other things, a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences" pursuant to 18 U.S.C. § 2255. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). In Sanchez-Garcia's case, this statute of limitations required him to file his § 2255 motion one year from the latest of the following relevant deadlines: December 5, 2007, the date the Eighth Circuit Court of Appeals decision in his case became final; the date any asserted right was initially recognized by the Supreme Court, if newly recognized and made retroactive to cases on collateral review; or the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255(f).

For Sanchez-Garcia, the AEDPA's one-year statute of limitations began to run ninety days after the Eighth Circuit issued its decision on September 5, 2006. *Clay v. United States*, 537 U.S. 522, 532 (2003)(concluding that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Sup.Ct. R. 13.1

(stating petition for certiorari must be filed within ninety days of judgment). Because it has been well over one year since the AEDPA statute of limitations began to run in his case, and in the absence of any intervening new law or newly discovered evidence, the Defendant has failed to timely file a § 2255 Motion. Furthermore, he also failed to file the instant Motion, requesting an extension of time to file a § 2255 Motion, within the one-year statute of limitations.

Recognizing that his time to file a § 2255 Motion expired, Sanchez-Garcia now urges this Court to apply the doctrine of equitable tolling to his case and permit him to file an untimely § 2255 Motion. This Court concludes, however, that the facts and circumstances surrounding his case do not warrant the doctrine's application.

"Although the Supreme Court has not squarely addressed the question, this circuit (and almost all others) have held that equitable tolling may be applied to AEDPA's statute of limitations." *Riddle v. Kemna*, 523 F.3d 850, 851 (8th Cir. 2008). "While the rule of equitable tolling applies to the one-year filing deadline for § 2255 motions, the doctrine is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006)(internal quotations omitted). Thus, equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)(citations omitted). In the present case, Sanchez-Garcia has failed to establish both of these necessary elements.

3

As a result, this Court will not apply the doctrine of equitable tolling to allow the Defendant to file an untimely § 2255 Motion.

First, the Defendant has presented no evidence to demonstrate that "he has been pursuing his rights diligently." The record shows that while Defendant's time to file a § 2255 Motion expired on December 5, 2008, Defendant waited until December 30, 2008 to request an extension of time. (*See* Filing No. 156). The Defendant contends that he was on "lock-down" and he did not have access to his legal materials for many months and thus could not complete his § 2255 Motion. The Defendant, however, has failed to put forth any evidence that he made any attempts during those months to retrieve his legal materials. Defendant's failure to take any action in the pursuit of the materials he deems necessary to complete his § 2255 Motion is fatal to his request now for the application of equitable tolling. *See Diaz-Diaz v. United States*, No. 08-1116, slip op. 2008 WL 4746862 at *1 (8th Cir. Oct. 29, 2008)(reasoning that the fact that Defendant waited "many months before following up on his request for legal materials cuts against his claim for equitable tolling. Thus, [the Defendant] failed to establish 'diligent pursuit' of his rights."). In this case, the record does not demonstrate that Sanchez-Garcia "has been pursuing his rights diligently."

Furthermore, Defendant has failed to put forth any evidence to show "that some extraordinary circumstance stood in his way." "In the habeas context, equitable tolling is proper when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)(internal quotations omitted). In this case, Sanchez-Garcia has not presented the Court with any "extraordinary circumstances" that warrant the Court's application of equitable tolling. Sanchez-Garcia asserts he has experienced several circumstances that prevented him

4

from timely filing his § 2255 Motion, such as: 1) the fact that he was on "lock down" frequently and as a result, did not have the "ability to go to the law library"; 2) his transfer to a county jail which limited his access to federal law materials; and 3) his allegation that, after he was transferred, the U.S. Marshals lost his legal work and/or documents. (Filing No. 156 at 4). The circumstances Sanchez-Garcia has listed, however, parallel the common obstacles most petitioners face in filing their § 2255 Motions.[1] As a result, none of these obstacles constitutes "extraordinary circumstances."

## CONCLUSION

The Court concludes that Defendant has failed to establish the requisite elements which would warrant an application of equitable tolling in the Defendant's case. As a result, Defendant's Motion for Leave to File a Tardy § 2255 Motion is denied.

ACCORDINGLY,

---

[1] The Eighth Circuit Court of Appeals has concluded that similar and equivalent obstacles claimed by other Petitioners did not constitute "extraordinary circumstances" such that they justified any equitable tolling of the AEDPA's statute of limitations. *See e.g., Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) (denying the application of equitable tolling since "[t]he need for post conviction counsel is only a typical obstacle faced by many if not most habeas petitioners.")(internal quotations omitted); *Maghee v. Ault*, 410 F.3d 773, 476 (8th Cir. 2005)(concluding that Defendant's "failure to understand the plain language of the dismissal notice, or undertake any investigation" did not warrant the application of equitable tolling); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (reasoning that Defendant's "failure to file his habeas petition within the one-year limitations period was due to his misunderstanding of the proper procedures . . . was not an extraordinary circumstance. . . ."); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003)(rejecting the contention that Defendant's inability to access a law library made "it impossible to file a petition on time"); *Jihad*, 267 F.3d at 806 (holding that "lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling"); *Paige*, 171 F.3d at 560 (concluding that "the interprison mail delay alleged in this case does not justify equitable tolling").

IT IS ORDERED:

1. Defendant's Motion for Leave to File a Tardy § 2255 Motion (Filing No. 156) is denied; and

2. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 5th day of February, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge