IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR505 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| VICTOR SANCHEZ-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of Filing No. 184, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the Defendant, Victor Sanchez-Garcia ("Sanchez-Garcia") pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), as well as his motions to appoint counsel (Filing No. 187) and request for status of this matter (Filing No. 189). Also before the Court is a Motion to Withdraw as Attorney (Filing No. 188) filed by the Federal Public Defender

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

On October 18, 2004, a jury found Sanchez-Garcia guilty as to Count II of the Superseding Indictment (charging Defendant with being an alien illegally in the United States while knowingly possessing a firearm). (Filing No. 55). On May 20, 2005, a jury found Defendant guilty as to Counts I, II and III of the Second Superseding Indictment

(charging Defendant with conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime). (Filing No. 101). The Court sentenced Defendant to the custody of the Bureau of Prisons for a term of 120 months on Count II of the Superseding Indictment; 240 months on Counts I and II of the second Superseding Indictment (to run concurrent with Count II of the first Superseding Indictment); 60 months on Count III of the second Superseding Indictment (to be served consecutive to the term of imprisonment imposed on the other Counts); a supervised release term of three years on Count II of the first Superseding Indictment; ten years of supervised release on both Counts I and II of the second Superseding Indictment; and five years of supervised release on Count III of the second Superseding Indictment (all to run concurrent). (Filing No. 124).

The Eighth Circuit Court of Appeals affirmed his conviction on September 5, 2006. (Filing No. 149). Sanchez-Garcia did not file a writ of certiorari to the United States Supreme Court.

On December 30, 2008, Sanchez-Garcia filed a motion, requesting an extension of time to file a late § 2255 Motion. (Filing No. 156). The Court ruled that the motion for extension was not timely, and facts and circumstances surrounding his case did not warrant application of the doctrine of equitable tolling, and that motion was denied. (Filing No. 157). The Eighth Circuit Court of Appeals denied the Defendant's application for a Certificate of Appealabilty and leave to proceed in forma pauperis on March 30, 2009. (Filing No. 168).

On October 14, 2014, at Filing No. 171, Sanchez-Garcia moved the court for a reduction in sentence seeking relief under Amendment 782 to the United States

Sentencing Guidelines and for appointment of counsel.  Because Sanchez-Garcia was sentenced to the statutory mandatory minimum, and therefore not eligible for a reduction, his motion was denied (Filing No.176).  On February 9, 2016, the Eighth Circuit Court of Appeals affirmed the court's decision to deny Sanchez-Garcia's motion to reduce his sentence.  (Filing No. 182).

The Federal Public Defender reviewed Sanchez-Garcia's case and determined that the Defendant had no prior conviction that was used to enhance his sentence, and confirmed that Sanchez-Garcia was sentenced to the statutory mandatory minium terms.  The Federal Public Defender concluded that the *Johnson* decision is not applicable.  The Court has reviewed this matter, including Sanchez-Garcia's Presentence Investigation Report ("PSR") ("Filing No. 128).  The PSR reveals that the Defendant did not receive a sentencing enhancement due to a prior crime of violence.

THEREFORE, IT IS ORDERED:

1. The Court grants the Defendant's motion for status (Filing No. 189);

2. The Court has completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 184);

3. The Court summarily denies the Defendant's § 2255 Motion;

4. A separate Judgment will be issued denying the § 2255 Motion;

5. The Motion to Withdraw (Filing No. 188) filed by the Federal Public Defender is granted;

6. The Defendant's motion for appointment of counsel (Filing No. 187) is denied as moot; and

7.	The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 16th day of August, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge