IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR505 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| VICTOR SANCHEZ-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Notice of Appeal and Request for Certificate of Appealability (Filing No. 194) and the Clerk's memorandum regarding in forma pauperis status (Filing No. 195). The Defendant appeals from the Memorandum and Order (Filing No. 190) denying the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"). The Defendant also filed a Petition for Writ of Error Coram Nobis With a Contemporaneous Rule 60(d) Motion to Vacate Judgment (Filing No. 196).

Before the Defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).

The Court has reviewed his request for a Certificate of Appealability and concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

On October 4, 2016, the Defendant filed a motion to vacate judgment (Filing No. 196).  Because the defendant filed his notice of appeal on September 30, 2016, the Court no longer has jurisdiction and will deny Filing No. 196 as moot.

IT IS ORDERED:

1. The Defendant's request for a certificate of appealability (Filing No. 194) is denied;

2. The Defendant is not allowed to proceed in forma pauperis;

3. The Defendant's Petition for Writ of Error Coram Nobis with a Contemporaneous Rule 60(d) Motion to Vacate Judgment (Filing No. 196) is denied as moot; and

4. The Clerk is directed to mail a copy of this Order to the Defendant at his last known address.

DATED this 13th day of October, 2016.

BY THE COURT

s/Laurie Smith Camp
Chief United States District Judge