IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CR505 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| VICTOR SANCHEZ-GARCIA, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Victor Sanchez-Garcia's ("Sanchez-Garcia") pro se Motion for Reduction of Sentence and/or Compassionate Release (Filing No. 211). Sanchez-Garcia asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the following reasons, the motion is denied.

I. **BACKGROUND**

On October 18, 2004, a jury convicted Sanchez-Garcia of knowingly possessing a firearm as a prohibited person. On May 20, 2005, he was convicted of three more crimes: conspiracy to distribute 500 grams or more of methamphetamine, possession with intent to distribute 500 grams or more of methamphetamine, and possession of a firearm in furtherance of a drug-trafficking crime.

During sentencing, the Court found the government had proved beyond a reasonable doubt[1] that Sanchez-Garcia was previously convicted of a felony-drug offense under a different name, resulting in a penalty enhancement under

---

[1] Sanchez-Garcia objected to the use of his prior conviction under 21 U.S.C. § 851(c), claiming he was not the person who committed the prior offense, which was committed under an alias.

21 U.S.C. § 841(b)(1)(A). On September 12, 2005, Sanchez-Garcia was sentenced to 300 months' imprisonment[2] followed by a term of supervised release.

He appealed, arguing there was insufficient evidence to submit two of the charges to the jury and that the Court erred in finding beyond a reasonable doubt he has a previous felony-drug conviction. *See United States v. Sanchez-Garcia*, 461 F.3d 939 (8th Cir. 2006). The Eighth Circuit affirmed his conviction and sentence. *Id.* at 948.

Sanchez-Garcia has since filed several motions unsuccessfully challenging his sentence. On December 30, 2008, he moved for leave to file an untimely motion to vacate his sentence under 28 U.S.C. § 2255 (Filing No. 156), which the Court denied (Filing No. 157). On October 14, 2014, he moved for a reduction in sentence under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.") (Filing No. 171). The Court denied that motion as well (Filing No. 176), explaining Sanchez-Garcia "was sentenced to the statutory mandatory minimum and therefore not eligible for a sentence reduction." He moved again to vacate his sentence under § 2255 on June 13, 2016 (Filing No. 184), which was denied upon initial review (Filing No. 190). The Court also denied his subsequent motion for reconsideration (Filing No. 192).

Most recently, the Bureau of Prisons ("BOP") denied his request for compassionate release from what he described as his "extremely harsh sentence" on January 3, 2022. Sanchez-Garcia filed the present motion on May 23, 2022.

## II. DISCUSSION

As amended by the First Step Act, § 3582(c)(1)(A)(i) allows Sanchez-Garcia to move for a sentence reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the

---

[2]He received the then-statutory mandatory minimum of 240 months' imprisonment for the conspiracy and possession with intent to distribute charges and 60 months for the firearm charge, to run consecutively.

receipt of such a request" by the facility warden, whichever is earlier. The Court can only grant Sanchez-Garcia's request for "extraordinary and compelling reasons."

The Court must consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of Sanchez-Garcia's convictions; Sanchez-Garcia's history and characteristics; and the need for the sentence to reflect the seriousness of the crimes, promote respect for the law, and provide just punishment. *See* 18 U.S.C. § 3553(a). Sanchez-Garcia's sentence should also deter criminal conduct, protect the public, and promote rehabilitation. *Id.*

Sanchez-Garcia makes three core arguments in support of his motion: concern about COVID-19, changes in sentencing laws, and evidence of rehabilitation. None of these arguments present "extraordinary and compelling reasons" for a sentence reduction in these circumstances.

First, Sanchez-Garcia does not articulate any specific health issues that increase his risk of COVID-19. He admits his COVID-19 argument "is founded entirely in [sic] generic concerns about COVID-19 conditions while incarcerated." Generic concerns about COVID-19 are not extraordinary and compelling enough to warrant relief under § 3582(c)(1)(A)(i), *see United States v. Gater*, 857 F.App'x 259, 261 (8th Cir. 2021) (affirming district court's denial of compassionate release where the defendant showed "no particularized susceptibility to COVID-19"), especially since COVID-19 vaccines are now widely available to inmates.

Next, Sanchez-Garcia contends his prison sentence would be significantly shorter if he were sentenced under current law. When Sanchez-Garcia was sentenced in 2005, he had a prior felony drug conviction for which he had been sentenced to probation and a fine. At the time, his prior conviction resulted in an enhancement that increased his

3

mandatory-minimum sentence.³ In 2018, Section 401 of the First Step Act modified the enhancement to only apply to "serious" drug felonies, *see* 21 U.S.C. § 841(b)(1)(A), defined as offenses where the offender served a term of more than 12 months of imprisonment., *see* 21 U.S.C. § 802(57).

Sanchez-Garcia contends he would receive a shorter sentence under the updated prior-drug-conviction enhancement. While this may be true, it is immaterial. An Eighth Circuit panel recently held that a non-retroactive change in the law "cannot constitute an extraordinary and compelling reason for reducing a sentence." *United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022) ("The compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy.")

Finally, Sanchez-Garcia points to his rehabilitation. The Court commends his efforts; he has participated in a variety of constructive programs while incarcerated, including programs related to drug abuse, parenting, and financial literacy. He completed a twelve-week emotional literacy program called Mentality Adjustment Now, working on "developing a healthy" sense of self, increasing his "awareness of emotions," and "confront[ing] underlying issues" to "respond in a positive manner." The Court also acknowledges Sanchez-Garcia's desire to re-build family relationships upon his release.

However, this post-conviction rehabilitation does not provide extraordinary and compelling reason for a sentence reduction.⁴ This is especially true where, as here, the

---

³The sentencing range increased from 151 to 188 months to 240 months to life imprisonment because of Sanchez-Garcia's prior felony drug conviction.

⁴The U.S.S.G. explains "rehabilitation is not, by itself, an extraordinary and compelling reason[.]" U.S.S.G. § 1B1.13 cmt. n.3. This policy statement predates the First Step Act, so it does not control the analysis but is nevertheless useful for evaluating Sanchez-Garcia's motion. *See also United States v. McDaniel*, No. 21-1347, 2022 WL 1151140, at *2 (8th Cir. Apr. 19, 2022) ("[N]othing in the First Step Act requires a court to reduce a sentence based on post-sentencing rehabilitation.") (quoting *United States v. Shepard*, 8 F.4th 729, 732 (8th Cir. 2021)).

4

§ 3553(a) factors weigh against sentence reduction. Sanchez-Garcia was convicted of three serious drug-related offenses in the instant case, and his sentence must reflect that. Prior to that, he had multiple criminal convictions under different aliases.

After careful review and consideration of Sanchez-Garcia's arguments and the relevant § 3553 factors, the Court finds Sanchez-Garcia has not demonstrated extraordinary and compelling reasons for a sentence reduction at this time. Accordingly, Sanchez-Garcia's Motion for Reduction of Sentence and/or Compassionate Release (Filing No. 211) is denied.

IT IS SO ORDERED.

Dated this 3rd day of October 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge